Sheri Pan (SBN 316136)
sheri@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2341
Facsimile: (415) 636-5965

Attorneys for Defendant
TracFone Wireless, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>    v.<br><br>TRACFONE WIRELESS, INC., a Delaware corporation d/b/a WWW.STRAIGHTTALK.COM,<br><br>                        Defendant. | Case No.  2:23-cv-4863<br><br>DEFENDANT TRACFONE WIRELESS, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA<br><br>28 U.S.C. §§ 1332, 1441, 1446, 1453<br><br>Los Angeles County Superior Court Case No. 23STCV10908 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; PLAINTIFF MIGUEL ESPARZA; AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant TracFone Wireless, Inc. ("TracFone") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. In support of this notice of removal, TracFone states as follows:

## I. PLAINTIFF'S PUTATIVE CLASS ACTION COMPLAINT

1. This matter was filed on behalf of Miguel Esparza, a resident and citizen of California, who takes issue with the practices of Defendant TracFone, a prepaid mobile phone provider.

2. Specifically, Plaintiff contends that TracFone violates the California Invasion of Privacy Act (Cal. Penal Code § 630 *et seq.*, "CIPA") via the chat function on its website, www.straighttalk.com, by "secretly allowing, aiding, and abetting" a "Third-Party Spyware Company to intercept and eavesdrop" on Plaintiff's conversations with TracFone through the website chat function "during transmission" and by "provid[ing] data from such transcripts to Meta through 'integration' with Meta software." (Compl. ¶ 22.)

3. Plaintiff seeks relief for himself and a statewide class of TracFone customers who are California residents under CIPA § 631(a) and § 632.7. (*Id.* ¶¶ 35, 42).

4. Plaintiff seeks various forms or relief, including (i) statutory damages, (ii) attorneys' fees, and (iii) declaratory and injunctive relief. (*Id.* at 9–10.)

## II. REMOVAL IS TIMELY

5. This action was filed on May 16, 2023, in the Superior Court of the State of California for the County of Los Angeles. (Ex. A at 4 (Summons).)

6.  Plaintiff first served this action on TracFone through its registered service agent on May 18, 2023. (Ex. A at 1 (Service of Process Notification).)

7.  Because TracFone filed this notice of removal within 30 days following its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

## III. THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

8.  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Any class action falling under CAFA may be removed to a federal district court in accordance with 28 U.S.C. § 1446 by any defendant. 28 U.S.C. § 1453.

9.  Federal diversity jurisdiction exists over this removed action under CAFA, 28 U.S.C. § 1332(d). Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (1) involving a plaintiff class of 100 or more members; (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) where at least one member of the plaintiff class is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B). Each CAFA requirement is met here.

### A. Plaintiff's Complaint Is a "Class Action" Under CAFA and Includes More Than 100 Members.

10.  CAFA jurisdiction applies to class actions where "the class has more than 100 members." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 (9th

Cir. 2019). Under CAFA, a class action is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a), (b). "The term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. Here, this case is a "class action" under CAFA because Plaintiff brings this case as a class action on behalf of all others similarly situated. (Compl. ¶ 24.)

12. Further, the Class alleged here has more than 100 members. Plaintiff seeks to represent a class numbering "in the thousands, if not more," of "[a]ll California residents who while physically present in California within the statute of limitations period" communicated with TracFone via the chat function on www.straighttalk.com. (Compl. ¶¶ 24–25.)

13. While TracFone denies that this case is suitable for class treatment, CAFA's 100-person threshold is easily met. Accepting Plaintiff's allegations about the number of class members as true, the Class includes well over 100 members. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197) ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.").

14. TracFone's business records support this conclusion. Based on TracFone's records, since May 16, 2022, at least 50,000 customers associated with California area codes communicated with TracFone via the chat feature on www.straighttalk.com. (Declaration of Ricardo Ramon ("Ramon Decl."), attached hereto as Ex. B, at ¶ 3.)

**B.    The Amount in Controversy Exceeds $5,000,000.**

15. Under CAFA, the amount-in-controversy requirement is satisfied if the amounts implicated by the claims of the putative class exceed, in the aggregate, $5

million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. When determining the amount in controversy for a particular matter, "a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias*, 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1199).

16. While denying all liability, based on the allegations stated in Plaintiff's complaint, there is more than $5,000,000 in controversy. The plaintiff class exceeds 50,000 individuals (Ex. B at ¶ 3), and Plaintiff seeks statutory damages for violations of CIPA § 631(a) and § 632.7, each of which provide for $2,500 per violation. (Compl. ¶¶ 36, 42; Cal. Penal Code §§ 631(a), 632.7(a).) Damages of $2,500 per violation multiplied by a putative class of at least 50,000 puts the amount in controversy in excess of $5,000,000.

**C.   The Parties are Minimally Diverse.**

17. Diversity of citizenship exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. The Complaint confirms that the parties are minimally diverse. The named Plaintiff alleges that he is a citizen of California. (Compl. ¶ 4.)

19. TracFone is a citizen of Delaware and Florida; the company is organized under the laws of Delaware and has its headquarters and principal place of business in Florida. Ex. B at ¶ 4.

20. Because at least one putative class member is a citizen of a state different than TracFone, CAFA's diversity requirement is met.

**IV.   VENUE**

21. Plaintiff filed the Complaint in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District

of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b).

## V. NOTICE

22. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibit A.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and served upon Plaintiffs.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, Defendant TracFone Wireless, Inc. respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles, to this Honorable Court, the United States District Court for the Central District of California.

Dated: June 20, 2023            ZWILLGEN LAW LLP

                                By:  /s/ Sheri Pan
                                    Sheri Pan
                                    sheri@zwillgen.com

                                    Attorney for Defendant
                                    TracFone Wireless, Inc.

# PROOF OF SERVICE

I am a citizen of the United States; I am over the age of eighteen years, and not a party to the within action; my business address is ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

On June 20, 2023, I served a true and correct copy of the following document(s): **DEFENDANT TRACFONE WIRELESS, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** on the following person(s) in this action:

Scott J. Ferrell
PACIFIC TRIAL ATTORNEYS
4100 Newport Place Drive, Ste. 800
Newport Beach, California 92660
Email: sferrell@pacifictrialattorneys.com

*Attorney for Plaintiff*

☒ **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Greenbelt, MD, with postage thereon fully prepaid, that same day in the ordinary course of business.

☒ **(E-MAIL OR ELECTRONIC TRANSMISSION ONLY)** by transmitting a true copy of the foregoing document(s) to the email addresses set forth as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on June 20, 2023, at Greenbelt, MD.

*[signature]*

Jamie Moses