PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/16/2023 9:40 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRACFONE WIRELESS, INC., a Delaware corporation d/b/a WWW.STRAIGHTTALK.COM, <br><br> Defendant. | Case No. 23STCV10908 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> **VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA")** |

## INTRODUCTION

**Defendant secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at www.straighttalk.com (the "Website"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing.**

**As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA").**

## JURISDICTION AND VENUE

1. As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2. Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## PARTIES

4. Plaintiff is a resident and citizen of California. While physically within California in the past year, Plaintiff visited Defendant's website using a smart phone and conducted a brief conversation with an agent of Defendant through the website chat feature. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5. Defendant is an American prepaid, no-contract mobile phone provider. It sells products and operates the Website throughout the United States and in this County.

**CLASS ACTION COMPLAINT**

6. Defendant owns, operates, and/or controls the above-referenced website.

## FACTUAL ALLEGATIONS

7. CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.[1]

8. Unlike most companies, Defendant *ignores* CIPA. Instead, Defendant enables and allows two independent third parties to intercept and eavesdrop on all such conversations. Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight to make informed business decisions. . .When people are chatting, you have direct access to their exact pain points.*"). *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited May 2023) (emphasis added).

9. Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions are illegal and violate both industry norms and the legitimate expectations of consumers.

10. To enable the eavesdropping, Defendant has allowed a Third-Party Spyware Company called "Nuance" to covertly embed code into Defendant's chat feature.

11. The secret code enables and allows the Third-Party Spyware Company to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

12. The Third-Party Spyware Company's chat service is an Application Programming Interface that is "plugged into" Defendant's Website. The chat function is run from the Third-Party Spyware's servers but allows for chat functionality on Defendant's Website. In other words, the Third-

---

[1]    https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last visited May 2023) (emphasis added).

1  Party Spyware Company runs the Chat service from its own servers, but customers interact with the

2  chat service on Defendant's Website so it appears to users that they are communicating with a

3  company representative of Defendant.

4      13.    Thus, whenever a chat message is sent from a member of the Class to Defendant, it is

5  first routed through the Third-Party Spyware Company's server.   This enables the Third-Party

6  Spyware Company to analyze and collect customer-support agent interactions in real time to create

7  live transcripts of communications as they occur, among other services.

8      14.    One might reasonably wonder why a Third-Party Spyware Company would be

9  interested in intercepting and recording the website chat interactions between Defendant and

10  unsuspecting visitors to Defendant's website.  As shown below, it all about money.

11      15.    The Third-Party Spyware Company's chat software is "integrated" with Meta, Inc., and

12  its subsidiary Facebook.  This integration allows various software sub-systems to share data to operate

13  as a unified system.  According to Bloomerg.com, this is all part of Meta's secret *plan to profit from*

14  *private  chats.*    *See*  https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-

15  kustomer-deal-after-regulatory-review (last downloaded May 2023).

16      16.    How does it work?  *First*, Meta identifies "user interests" by monitoring a collection of

17  "offsite" user activity such as website visits and interactions (including private chat communications

18  between Defendant and visitors) and by "integrating" its software with the Third-Party Spyware

19  Company's software.  *Second*, Defendant has secretly installed the Facebook "pixel" software on its

20  website – a tool widely regarded as spyware – that allows both Defendant and Meta/Facebook to track

21  activities on Defendant's website, including interaction with the chat feature.[2]  *Third*, armed with

22  detailed information about "user interests" and what they chat with Defendant about, Meta/Facebook

23  generates revenue by selling targeted advertising space on its social media platforms.  *Fourth and*

24  *finally*, after the chat transcripts intercepted by the Third-Party Spyware Company are provided to

25

26  [2]                    See              https://www.facebook.com/gpa/blog/the-facebook-
    pixel#:~:text=The%20Facebook%20pixel%20is%20a,people%20take%20on%20your%20website

27  (last downloaded May 2023) ("The Facebook pixel is a piece of code for your website that lets you
    measure, optimize and build audiences for your ad campaigns. You can think of this as an analytics

28  tool that allows you to measure the effectiveness of your advertising by understanding the actions
    people take on your website.").

Meta/Facebook through integration and via the Facebook pixel spyware, Meta/Facebook and others bombard the unsuspecting website visitors with targeted advertising based upon the user's website visits and chat interactions.

17.    Through the preceding acts, Meta's subsidiary Kustomer can freely boast that it will "Transform    your    support    center    into    a    profit    generator."    *See* https://www.kustomer.com/product/customer-service/ (last downloaded May 2023).    Indeed, Meta recently **admitted** that it has been doing precisely what Plaintiff alleges here, and paid over $700 million to settle privacy claims arising out of its role in the misconduct.[3]

18.    Indeed, all of the schemers – Defendant, the Third-Party Spyware Company, and Meta – handsomely profit from secretly exploiting the private chat data through targeted social media advertising because *"Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer interests."*[4]

19.    The Third-Party Spyware Company's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

20.    Within the last year, Plaintiff visited Defendant's Website.    Plaintiff – like all visitors – shared personally identifying information with Defendant via the Website chat feature.    Plaintiff used a smart phone (a cellular telephone with integrated computers to enable web browsing).    As such, Plaintiff's conversation with Defendant was transmitted from a "cellular radio telephone" as defined by CIPA.

21.    By definition, Defendant's chat communications from its website are transmitted to website    visitors    by    either    cellular    telephony    or    landline    telephony.    *See* https://www.britannica.com/technology/Internet ("How does the Internet work?") (*"The Internet works*

---

[3]    See www.Law360.com, *Meta Secures Initial OK On $725M Cambridge Analytica Deal* (last visited April 19, 2023).
[4]    See www.adroll.com, *What is Targeted Advertising?* (last visited May 2023).

1   *through a series of networks that connect devices around the world through telephone lines.")* (last

2   visited May 2023).

3       22.    Defendant did not inform Plaintiff that Defendant was secretly allowing, aiding, and

4   abetting the Third-Party Spyware Company to intercept and eavesdrop on the conversations during

5   transmission, or that the Third-Party Spyware Company provided data from such transcripts to Meta

6   through "integration" with Meta software.

7       23.    Defendant did not obtain Plaintiff's effective consent for the preceding intrusions, nor

8   did Plaintiff know at the time of the conversation of Defendant's conduct.

9                      **I.  CLASS ALLEGATIONS**

10      24.    Plaintiff brings this action individually and on behalf of all others similarly situated (the

11   "Class") defined as follows:

12             **All California residents who while physically present in California within**

13             **the statute of limitations period: (1) communicated with Defendant via the**

14             **chat feature on Defendant's Website using a cellular telephone, and (2)**

15             **whose communications were recorded and/or eavesdropped upon without**

16             **prior consent.**

17      25.    <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the

18   number to be in the thousands, if not more. The exact identities of Class Members may be ascertained

19   by the records maintained by Defendant.

20      26.    <u>COMMONALITY</u>: Common questions of fact and law exist as to all class members,

21   and predominate over any questions affecting only individual members of the Class.  Such common

22   legal and factual questions, which do not vary between Class members, and which may be determined

23   without reference to the individual circumstances of any Class Member, include but are not limited to

24   the following:

25      a.    Whether Defendant caused electronic communications from class members with the

26   Website to be recorded, intercepted, and/or monitored;

27      b.    Whether Defendant aided and abetted a third party in eavesdropping on such

28   communications;

c.      Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.      Whether Class Members are entitled to injunctive relief.

27.     TYPICALITY: As a person who visited Defendant's Website and whose chat was recorded, intercepted and eavesdropped upon without prior knowledge or consent, Plaintiff is asserting claims that are typical of the Class.

28.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

**29.**     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

30.     Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". ***Here, Defendant violates the third prong, as set forth above, by "aiding, abetting, and***

*conspiring" with both the Third-Party Spyware Company and Meta/Facebook to intercept, eavesdrop upon, learn, share, and monetize the contents of Defendant's chat conversations.*

31.    Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's communications with Defendant's Website.   "Though written in terms of wiretapping, Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'  *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

32.    The Third-Party Spyware Company's software embedded on Defendant's Website to record and eavesdrop upon Plaintiff's communications qualifies as a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct alleged herein.

33.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Defendant's website to be recorded.  Defendant also aided and abetted two third parties to eavesdrop upon such conversations during transmission and in real time.

34.    Class members did not effectively consent to any of Defendant's actions.

35.    Defendant's conduct violates Cal. Penal Code § 631(a), entitling class members to statutory damages.

36.    In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA.  *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) (*"Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation.  Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a)."*) (emphasis added).

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

37.    Section 632.7 of California's Penal Code imposes liability upon anyone "who, without

1  the consent of all parties to a communication, intercepts or receives and intentionally records, or

2  assists in the interception or reception and intentional recordation of, a communication transmitted

3  between two cellular radio telephones, a cellular radio telephone and a landline telephone, two

4  cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a

5  cellular radio telephone."

6     38.    Class members communicated with Defendant using telephony subject to the mandates

7  and prohibitions of Section 632.7.

8     39.    Defendant's communication from the chat feature on its website is transmitted via

9  telephony subject to the mandates and prohibitions of Section 632.7.

10    40.    As set forth above, Defendant recorded telephony communication without the consent

11  of all parties to the communication in violation of Section 632.7.

12    41.    As set forth above, Defendant also aided and abetted a Third-Party in the interception,

13  reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

14    42.    Defendant's conduct violates Cal. Penal Code § 632.7, entitling class members to

15  statutory damages.  Indeed, in a materially identical case, a court recently held that the above-

16  described allegations state viable claims for violations of section 632.7 of CIPA.  *See Byars v. The*

17  *Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023)

18  (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on*

19  *its website.  Byars accessed Goodyear's website using her smartphone.  As smartphones are cellular*

20  *phones with web capabilities, Byars' smartphone falls within the cellular phone category.  Because*

21  *Byars' contends that users of Goodyear's website "share highly sensitive personal data" via*

22  *Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable*

23  *expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis

24  added).

25                    **PRAYER FOR RELIEF**

26    WHEREFORE, Plaintiff prays for the following relief against Defendant:

27    1.     An order certifying the Class, naming Plaintiff as the representative of the Class and

28           Plaintiff's attorneys as Class counsel;

2.      An order declaring Defendant's conduct violates CIPA;

3.      An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.      An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.      Statutory damages pursuant to CIPA;

6.      Reasonable attorneys' fees and costs; and

7.      All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: May 16, 2023          PACIFIC TRIAL ATTORNEYS, APC

By:_____

Scott. J. Ferrell
Attorneys for Plaintiff

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/16/2023 9:40 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Jackson Aubry, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SPRING STREET COURTHOUSE

CASE NAME:
Esparza v. Tracfone Wireless, Inc.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>23STCV10908 |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [X] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary    b.[X] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 16, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)                                    ► _____
                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esparza v. Tracfone Wireless, Inc. | 23STCV10908 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esparza v. Tracfone Wireless, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esparza v. Tracfone Wireless, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Esparza v. Tracfone Wireless, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE Esparza v. Tracfone Wireless, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 9700 Northwest 112th Ave. |
|---|---|
| CITY: Miami | STATE: FL | ZIP CODE: 33178 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 05/16/2023                                    _____
                                                    (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.